UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BONNIE ORMAN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18 CV 711 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

On October 26, 2017, Bonnie Orman pleaded guilty in Criminal Case No. 4:16CR426 CDP to conspiracy to distribute and possess with intent to distribute actual methamphetamine. At sentencing on February 2, 2018, I varied slightly from the advisory guidelines range of 210 to 262 months and sentenced her to 192 months' imprisonment, plus five years of supervised release. She did not appeal. Orman now moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, alleging several claims of ineffective assistance of counsel as grounds for relief.[1] For the reasons that follow, I will deny Orman's motion to vacate.

In her motion, Orman contends that counsel was ineffective for:

1) Failing to object at sentencing to her role in the conspiracy;

---

[1] Orman later filed a motion for leave to amend, which I construe as supplemental arguments to support her original claims given that the document sought neither to amend Orman's original claims nor to add additional grounds for relief. I will deny the motion to amend as moot, but I have considered Orman's supplemental arguments in determining her claims.

2)  Failing to properly review and explain the plea agreement to her;

3)  Failing to inform the Court at the plea proceeding of her emotional and mental state and of changes to her medication;

4)  Failing to introduce codefendants' statements into evidence regarding her role in the offense, which could have resulted in a reduction to her Offense Level under the guidelines;

5)  Failing to argue that she was a drug user and not a leader in the conspiracy, which could have resulted in a reduction to her Offense Level under the guidelines;

6)  Failing to seek to exclude from the plea agreement any reference to a telephone call regarding obtaining bail for codefendant Judy Collins;

7)  Failing to introduce codefendants' statements that she was not involved in a drug delivery, which could have resulted in a lower Offense Level and lower relevant conduct under the guidelines;

8)  Failing to interview, depose, and call as witnesses three codefendants regarding her minor role in the offense, which could have resulted in a reduction to her Offense Level under the guidelines;

9)  Failing to argue at sentencing that she played only a minor role in the offense despite counsel's promise to her that she would not be considered a top-tier defendant;

10) Failing to obtain a lower drug amount for relevant conduct since she was not involved in the drug delivery near her house;

11) Failing to negotiate for a Rule 35 motion despite her cooperation;

12) Failing to contact and communicate with her in that he saw her only two times during the eighteen months prior to her plea;

13) Failing to pursue arguments to lower her Offense Level and Criminal History category;

14) Failing to call character witnesses on her behalf at sentencing;

15) Misrepresenting his ability to handle a federal criminal matter, thereby masking his incompetence;

16) Failing to inform the Court of her physical and mental issues;

17) Failing to negotiate a more reasonable plea agreement regarding her role in the conspiracy; and

18) Failing to adequately consult with her regarding her right to appeal and in failing to file a notice of appeal.

I will deny Orman's motion to vacate without an evidentiary hearing for the reasons that follow.

## Discussion

### A. Neither an Evidentiary Hearing nor Appointed Counsel is Required

The record before me conclusively demonstrates that Orman has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that [she] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes Orman's claims, so I will not hold an evidentiary hearing.

For these same reasons, the interests of justice do not require that I appoint counsel to assist Orman with her claims. *See* 18 U.S.C. § 3006A(a)(2)(B). Orman has ably presented her claims to the Court, and the factual and legal bases of the claims are not complex. The appointment of counsel is not warranted in such circumstances. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *Scott v. United States*, No. 1:20-CV-00098 JAR, 2020 WL 5880360, at *1 (E.D. Mo. Oct. 2, 2020). I will therefore deny Orman's motions for appointment of counsel.

### B.  Orman Did Not Receive Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, *Chesney v. United States,* 367 F.3d 1055, 1058 (8th Cir. 2004), and that right extends to plea negotiations, *Missouri v. Frye,* 566 U.S. 134, 144 (2012); *Hill v. Lockhart,* 474 U.S. 52, 57 (1985), and sentencing, *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Claims of ineffective assistance of counsel are governed by the two-part test set out in *Strickland v. Washington,* 466 U.S. 668 (1984). Accordingly, to prevail on her claims, Orman must show that (1) her attorney's performance was deficient, and (2) the deficiency prejudiced her. *Tinajero-Ortiz v. United States,* 635 F.3d 1100, 1103 (8th Cir. 2011). I need not address both components of this test if Orman makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

1. <u>Assistance in Relation to Guilty Plea</u> – *Grounds 2, 3, 6, 17*

In Grounds 2, 3, 6, and 17 of her motion to vacate, Orman challenges the assistance of counsel in relation to the negotiation of and entry of her guilty plea. To prevail on these claims, Orman must show that counsel's conduct "fell below an objective standard of reasonableness" and that there exists "a reasonable probability that, but for counsel's errors, [she] would not have [pled] guilty and would have insisted on going to trial." *Tinajero-Ortiz*, 635 F.3d at 1103.

In neither her original motion to vacate nor her supplemental argument does Orman argue that but for her attorney's alleged errors, she would not have pleaded guilty and would have insisted on going to trial. Indeed, with respect to relief on the claims raised in Grounds 2 and 3, Orman specifically requests that she be permitted to "consider a more reasonable & just agreement." (ECF 1 at pp. 5, 7.) Accordingly, Orman cannot establish prejudice on the claims challenging counsel's assistance on the entry of her guilty plea, and Grounds 2, 3, 6, and 17 will be denied. *See Hill,* 474 U.S. at 59.

2. <u>Assistance in Relation to Sentencing</u>

Orman also raises several challenges to her attorney's assistance at sentencing. In considering whether counsel was deficient under the first prong of *Strickland*, my scrutiny of counsel's performance "must be highly deferential." *Strickland*, 466 U.S. at 689. I must "eliminate the distorting effects of hindsight"

- 5 -

by examining counsel's performance from counsel's perspective at the time of the alleged error.  *Id.*  To show prejudice under the second prong of *Strickland*, Orman must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

    a.    *Role in the Offense – Grounds 1, 5, 9*

As the parties agreed in the plea agreement, Orman did not receive any offense level adjustments for her role in the offense.  In discussing relative culpability among the defendants, the presentence report identified Orman as a second-tier participant in the nearly two-year, multi-state methamphetamine conspiracy that involved more than 40 co-conspirators and more than 200 pounds of methamphetamine.  Under oath, Orman admitted at her guilty plea that she was accountable in the conspiracy for more than 4.5 kilograms (approximately 10 pounds) of methamphetamine.  The presentence report noted that Orman did not agree that she should be considered a higher-tier participant, and her attorney addressed this non-guidelines issue both in his Sentencing Memorandum and orally at sentencing.  Specifically, counsel argued that the circumstances of the case showed that Orman was a drug addict instead of a major drug dealer, as evidenced by her limited financial resources and history of drug use; and that the extent of her involvement as a source of methamphetamine was limited to the two-month period between September and November 2015, and not throughout the

twenty-month life of the conspiracy.  (Case No. 4:16CR426 CDP, ECF 1882, 2250.)

In Grounds 1, 5, and 9 of her motion to vacate, Orman argues that counsel was ineffective for failing to object to her role in the offense, for failing to argue that she was only a minor player in the conspiracy, and for failing to argue her status as a drug user instead of a leader in a distribution conspiracy.  Because the record set out above directly and affirmatively shows that counsel made these arguments, they are conclusively refuted by the record and will be denied.

    b.    *Evidence Relating to Offense Level – Grounds 4, 7, 8, 10*

In Grounds 4, 7, and 8, Orman contends that if counsel would have introduced statements from codefendants that she played a minor role in the conspiracy and was not involved in the attempted delivery of 10 pounds of methamphetamine near her house, she would have received a 2-to-4-point reduction in her Offense Level under the guidelines and thus a lesser sentence.  In Ground 10, Orman argues that because she was not involved in the drug delivery near her house, counsel should have argued that her relevant conduct in determining her guidelines Offense Level should not have included that drug amount.

In the plea agreement and in her statements under oath at the plea hearing, Orman admitted to being accountable for more than 4.5 kilograms of actual

methamphetamine, which both Orman and the government agreed resulted in a Base Offense Level of 38 under the guidelines. And both Orman and the government agreed that Orman should receive a 3-level downward adjustment for acceptance of responsibility and that no other adjustments would be applied – either upward or downward. Given this agreement that no other adjustments to the Offense Level would be applied, any presentation of evidence or argument at sentencing seeking a further downward adjustment of the guidelines Offense Level may have violated the plea agreement. *Cf. United States v. Swisshelm*, 848 F.3d 1157 (8th Cir. 2017).

To the extent Orman's claims can be construed as challenges to counsel's plea negotiations, and specifically to his failure to negotiate for inclusion in the plea agreement information that would have resulted in a reduced Total Offense Level, Orman makes no claim that but for counsel's alleged errors regarding the plea agreement, she would not have pleaded guilty and would have insisted on going to trial. Moreover, Orman presents no information to the Court that the government would have agreed to additional reductions in Orman's Offense Level if her attorney had indeed pursued them, especially given that the government had agreed not to file a criminal information charging her prior drug trafficking offense, which would have raised the mandatory minimum sentence from 10 to 20 years. She has therefore failed to show any prejudice by counsel's alleged

conduct.

Orman's claims that counsel should have produced evidence or pursued an argument for an additional downward adjustment to the guidelines Offense Level are denied.

  c.  *Character Evidence – Ground 14*

In Ground 14, Orman contends that family members and friends would have testified to her character at sentencing but that counsel failed to call them as witnesses. Notably, Orman does not identify these persons, nor has she provided any affidavits or information as to what in particular they would have stated to the Court. Accordingly, Orman has failed to demonstrate that but for counsel's failure to call these unknown individuals, the outcome of her sentencing would have been different. *See United States v. Vasquez-Garcia*, 211 Fed. Appx. 544 (8th Cir. 2007). Orman therefore cannot show prejudice by counsel's conduct, and the claim is denied. *Id.*

  d.  *Rule 35 Motion – Ground 11*

In Ground 11, Orman argues that given her cooperation with the government shortly after her arrest, her attorney should have but failed to negotiate a Rule 35 motion for reduction of sentence. This claim fails as a matter of law.

Federal Rule of Criminal Procedure 35 provides that, "[u]pon the government's motion made within one year of sentencing, the court may reduce a

sentence if the defendant, *after sentencing*, provided substantial assistance investigating or prosecuting another person." (Emphasis added.)  Here, Orman contends that counsel should have negotiated a Rule 35 reduction in sentence for her cooperation that occurred before sentencing, not after.

Moreover, I note that given Orman's criminal history, the government could have filed an information under 21 U.S.C. § 851 which, if proven, would have had the effect of increasing the mandatory minimum of Orman's current offense from ten years to twenty years.  As part of the plea agreement, however, the government agreed to forego filing such an information.  In these circumstances, it cannot be said that counsel was ineffective in failing to persuade the government to move to reduce Orman's sentence under Rule 35.

Ground 11 is denied.

e. *Offense Level and Criminal History – Ground 13*

The plea agreement set out Orman's and the government's agreement that Orman's Base Offense Level under the guidelines was 38 given Orman's admitted accountability for more 4.5 kilograms of methamphetamine in the conspiracy.  The plea agreement estimated the Total Offense Level at 35 based upon a 3-level downward adjustment for Orman's acceptance of responsibility.  The presentence report indicated no other adjustments – either upward or downward – and it calculated Orman's Total Offense Level at 35.  Given Orman's criminal history,

which included a prior federal conviction for conspiracy to distribute cocaine and a prior state conviction for trafficking drugs, Orman's Criminal History category was determined to be III. In Ground 13, Orman argues that counsel should have argued at sentencing for a lower Offense Level and lower Criminal History category.

As discussed above, counsel was not ineffective in failing to argue for a lower Offense Level given that such argument would have risked Orman's violating the plea agreement. As for Orman's Criminal History category, she specifically challenges the points assessed in the presentence report for two prior convictions, arguing: 1) that 1 point and not 2 should have been assessed for her October 2008 state conviction for drug trafficking, for which execution of her 5-year sentence of imprisonment was suspended and she served a 120-day institutional treatment program concurrent with another case; and 2) that no points should have been assessed for her February 2006 conviction for petty larceny because it was more than ten years old.

Although counsel filed a sentencing memorandum, he did not file objections to the guidelines calculations in the presentence report (Case No. 4:16CR426 CDP, ECF 1850). At sentencing Orman stated to the Court that she had the opportunity to review the presentence report and had no objections that she wanted raised that had not been resolved. (*Id.*, ECF 2250.) And because the criminal history points were properly assessed under U.S.S.G. § 4A1.1(b) (2 points assessed for

- 11 -

imprisonment of at least 60 days) and § 4A1.2(e)(2) (include any sentence of less than one year and one month imprisonment that was imposed within 10 years of the defendant's commencement of the instant offense), the objections Orman now claims that counsel should have raised are without merit. Counsel is not ineffective for failing to raise meritless objections. *Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam).

Ground 13 is denied.

    f.    *Health Issues – Ground 16*

In Ground 16 of her motion, Orman contends that counsel failed to inform the Court of her physical, mental, and emotional issues. To the extent this claim can be construed as challenging the voluntariness of her plea, it is denied for Orman's failure to show prejudice, that is, that but for counsel's alleged error she would have insisted on going to trial. To the extent the claim is directed to her health conditions at sentencing, the claim is without merit.

The presentence report documented Orman's then-current health conditions, including pain in her hip, pelvis, and knee as a result of an automobile accident in 2007; arthritis, for which she took Tylenol and ibuprofen; diabetes; back discomfort; and menopausal symptoms. The presentence report also included that Orman was taking Wellbutrin, an antidepressant. In her § 2255 motion, Orman claims that counsel should have brought these particular health issues to my

attention. But the presentence report already made me aware of them. And to the extent Orman contends that she has experienced additional health issues during incarceration after being sentenced, counsel cannot be ineffective for failing to inform the Court at sentencing of health conditions that had not yet manifested.

Ground 16 is denied.

3.   <u>Availability and Competence of Counsel</u> – *Grounds 12, 15*

In Ground 12, Orman contends that counsel failed to adequately meet and consult with her, averring that counsel met with her only twice during the eighteen months she spent in pretrial detention. This claim is directly refuted by the record. At the change of plea proceeding, I asked Orman if she had had a chance to talk to her lawyer and go over the plea agreement, to which she responded under oath, "Several times." (Case No. 4:16CR426 CDP, ECF 2253.) She also agreed that she went over the facts underlying her guilty plea "carefully" with her lawyer. (*Id.*) And at sentencing, Orman stated on the record that she had had the opportunity to review the presentence report and discuss it with her lawyer. (*Id.,* ECF 2250.) Ground 12 is denied.

To the extent Orman claims in Ground 15 that counsel was incompetent to handle a federal criminal case, she argues only that she is dissatisfied with her sentence. A review of the record shows, however, that counsel negotiated a favorable plea agreement (especially given Orman's exposure to a potential 20-

year mandatory minimum sentence), and ably advocated for Orman at sentencing. He filed a Sentencing Memorandum requesting a downward variance based on, *inter alia*, Orman's limited participation in the conspiracy. Although I ultimately did not impose the 151-188-month sentence requested by counsel, I did vary downward and sentence Orman to a below-guidelines sentence of 192 months. Orman's cursory claim of incompetence fails as a matter of law. Ground 15 is denied.

4. <u>Assistance in Relation to Appeal</u> – *Ground 18*

Orman contends in Ground 18 that counsel failed to adequately consult with her about her right to appeal or whether to file a notice of appeal. She does not claim that she instructed her attorney to file an appeal. Regardless, this allegation is conclusively refuted by the record, which includes her signed admission that she was "fully informed of [her] right to appeal the final judgment in this case" and that she did not wish to file a notice of appeal and instructed her attorney not to file an appeal. (Case No. 4:16CR426 CDP, ECF 1909.) Orman's clam otherwise fails and is conclusively denied.

## C.  I Will Not Issue a Certificate of Appealability

As Orman has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878,

882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that movant Bonnie Orman's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that movant's motions to appoint counsel and for hearing [6] [9] are denied.

**IT IS FURTHER ORDERED** that movant's motion to amend her motion to vacate [13] is denied as moot.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Orman has not made a substantial showing of the denial of a federal constitutional right.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2021.